*Decisions will be entered under Rule 50.*

ESTATE OF ELIZABETH W. HAGGART, DECEASED, KATHRYN C. SCHLEYER AND GIRARD TRUST COMPANY, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19667. Promulgated July 7, 1949.

*F. G. Spencer, Esq.*, and *Howard C. Cummings, Esq.*, for the petitioners.

*John A. Newton, Esq.*, for the respondent.

OPINION.

HARLAN, *Judge*: It is the contention of the respondent that expenses incurred by the trustees of a revocable trust, the assets of which on the death of the settlor are, under the provisions of section 811 (c) of the Internal Revenue Code,[1] taxable in the estate of the settlor, can not be considered either a charge on the assets of the trust estate or a deduction from the gross estate for the purposes of taxation unless they were definitely incurred by the trust estate prior to the death of the settlor.

It is petitioners' contention that the fees and other administrative expenses of the trust are proper charges against the corpus of the trust under section 812 (b) of the code.[2]

From an examination of the two quoted sections of the Internal Revenue Code it becomes evident that, while administration expenses are specifically listed as deductible in computing the value of the net estate, there is no provision in the code for deducting the operating expenses of a trust, even though the value of the assets of the trust estate are includible in computing the value of the gross estate. The petitioners, however, argue strongly against the reasonableness of such

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \*

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom \* \* \*.

[2] SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\* \* \* \* \* \* \*

(b) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—Such amounts—

    (1) for funeral expenses,
    (2) for administration expenses,
    (3) for claims against the estate,
    (4) for unpaid mortgages upon, or any indebtedness in respect to, property where the value of decedent's interest therein undiminished by such mortgage or indebtedness, is included in the value of the gross estate, and
    (5) reasonably required and actually expended for the support during the settlement of the estate of those dependent upon the decedent,

as are allowed by the laws of the jurisdiction, whether within or without the United States \* \* \*.

a distinction and cite *Elroy N. Clark et al., Trustees*, 1 T. C. 663. In that case the deed of trust provided that at the death of the trustor's wife and beneficiary the trust should terminate and the assets thereof be distributed. The trustees incurred some attorneys' fees prior to and during their accounting after the death of the trustor's wife and the Commissioner had disallowed these fees as deductions in computing the value of the wife's taxable estate. Holding that the Commissioner erred in so doing, this Court said:

* * * These [fees] being for service in connection with trustees' accountings, in our opinion they were, like the trustees' commissions, necessary charges against the estate at the date of the death. *Estate of Frederic E. Baldwin*, 44 B. T. A. 900, relied on by the respondent, involved attorneys' fees for controversies arising after the death; here the trustees must necessarily file accounting, in order to pass the estate. The deduction of the attorneys' fees from gross estate is allowed.

However, the all-important distinction between the *Clark* case and the instant proceeding is that in the former the winding up of the trust was a necessary act in the administration of the estate, as the trust terminated at the death of the trustor's wife. In the case at bar the trust continued indefinitely after the close of decedent's estate and the attorney fees, together with the filing, advertising, adjudication, and notary fees attendant upon the trust accounting were simply operating costs of the trust. They were approved by the Orphans' Court of Philadelphia County in the accounting filed for the trust as proper expenditures of the trust, and not in the accounting filed for the estate of the decedent as administration expenses of the estate. They were incurred in executing the directions of the settlor as set forth in the trust instrument. Moreover, we do not agree with petitioners that the provision contained in the trust instrument that, if the decedent-settlor's net estate should not prove to be sufficient to meet administrative expenses and taxes, the trustee should pay debts and administrative expenses out of the corpus of the trust, is justification for treating expenses of the trust as administration expenses of the estate.

A situation very similar to that here under consideration was presented in the *Estate of Cora C. Reynolds*, 45 B. T. A. 44, and the Board in its opinion in that proceeding said:

The final question is whether fees and expenses of a proceeding to account for another trust may be deducted either as a charge against the estate or as an expense of administration. On the former ground, they are precluded since the proceeding followed decedent's death, and compliance with the requirement that the debt exist at the date of death consequently fails. And they must also be disallowed as an administration expense. *Estate of Frederic E. Baldwin*, 44 B. T. A. 900.

A similar conclusion was reached by this Court in *Estate of Rose M. Harter*, 3 T. C. 1151.

It is to be noted that at no place in the record is there any evidence that the trust estate had incurred any liability for the attorneys' fees or other disallowed expense items prior to the death of the trustor and it is also to be noted that the Commissioner herein allowed the deduction of $9,170.48 as commissions, apparently because of the fact that those commissions were earned by the trustee prior to the trustor's death. *Estate of George S. Fiske*, 45 B. T. A. 52; affd., 132 Fed. (2d) 644.

On brief, petitioners point to the similarity of the provisions of the Pennsylvania State Transfer Inheritance Tax Act and the provisions of the Internal Revenue Code with respect to the taxation of transfers to take effect in possession or enjoyment at or after death and the allowance of deductions for expenses of administration, and urge that, inasmuch as the expenses in question were allowed as deductions for state inheritance tax purposes, they should have been allowed by the Commissioner for Federal estate tax purposes. This argument is not persuasive, as allowances made by a state for inheritance tax purposes have no logical binding effect upon the allowance of the same expenses for Federal estate tax purposes.

The respondent did not err in his determination that the value of the trust property includible in the gross estate of decedent may not be reduced by attorney fees and other expenses attributable to the administration of the trust.

Reviewed by the Court.

*Decision will be entered under Rule 50.*