### HAGGART'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.
#### No. 10131.

United States Court of Appeals
Third Circuit.

Argued May 4, 1950.

Decided June 5, 1950.

F. Gilman Spencer, Philadelphia, Pa. (Howard C. Cummings, Cummings & French, Philadelphia, Pa., on the brief), for petitioners.

George Craven, Philadelphia, Pa. (Kenneth W. Gemmill, Philadelphia, Pa., on the brief), amici curiæ.

Morton K. Rothschild, Washington, D. C. (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack, Helen Goodner, Special Assistants to Attorney General, on the brief), for respondent.

Before MARIS, GOODRICH and HASTIE, Circuit Judges.

GOODRICH, Circuit Judge.

The question here involved has to do with the application of the estate tax to certain expenses involved in the administration after the death of the settlor of an inter vivos trust.

The operative facts are simple and undisputed. On April 17, 1946, the decedent established a revocable inter vivos trust, reserving the income to herself for life with several remainders over. On the same day she also executed a will leaving her residuary estate to the trustees. The settlor's death necessitated, under the law of Pennsylvania, the filing of an account for the trust with the Orphans' Court of Philadelphia County, and in that proceeding expenses were approved as follows:

| | |
|---|---|
| Attorney fee | $5,000.00 |
| Filing and adjudication costs, etc. | 125.50 |
| Trustee commissions | 9,170.48 |

In computing the federal estate tax, the Commissioner allowed as a deduction from the gross estate the trustee commissions of $9,170.48, apparently because this was a liability which accrued during the decedent's lifetime. The Commissioner disallowed, however, the deductions totaling $5,125.50 for the attorney fee and expenses. The Tax Court agreed with him. 1949, 13 T.C. 14. The executors have appealed from that decision.

We think the Tax Court was incorrect. While equitable considerations evidently play little or no part in the settlement of tax problems [1] we think logic still plays a part unless expressly ruled out by the language of the statute. The net value of this inter vivos trust is subject to the estate tax. Int.Rev.Code, §§ 811(c)(1)(B), 811(d)(1), 26 U.S.C.A. § 811(c)(1)(B), (d)(1). The taxpayers do not contend to the contrary. If the corpus of the trust is to be included as a subject of taxation it seems incongruous for the expenses involved in determining decedent's net estate to be disregarded. It was necessary, under the law which governed the trustees in their administration of the trust, to have an accounting after the decedent's death. Her life interest had terminated, obviously, and a new trustee was to be substituted also. Her personal estate outside the trust

[1]. See Rothensies v. Electric Storage Battery Co., 1946, 329 U.S. 296, 67 S.Ct. 271, 91 L. Ed. 296.

was to go to the trustees to be administered in accordance with the terms of the trust. All this was done and, as the statement of facts shows, the fee for this work was allowed by the proper court in Pennsylvania.

The Commissioner's argument makes much of language of this Court in Sharpe's Estate v. Commissioner, 3 Cir., 1945, 148 F.2d 179, 181, in which we pointed out the difference between the duty of an executor and the duty of a trustee. That was a case where an allowance was sought for future fees to be earned by trustees. We have no doubt as to the correctness of the language, but it is not applicable here. No allowance for future fees is being asked for and those which were allowed by the Orphans' Court were proper in the administration of the decedent's affairs.

Whether they are to be allowed as expenses of administration [2] or whether they are to be allowed in diminution of the gross estate [3] does not matter in this case. It comes out the same either way and, therefore, we refrain from committing ourselves to a choice.

The two Court of Appeals decisions in Commissioner of Internal Revenue v. Bronson, 8 Cir., 1929, 32 F.2d 112, and Commissioner of Internal Revenue v. Davis, 1 Cir., 1943, 132 F.2d 644, tend to support our conclusion. We think the Tax Court was mistaken in endeavoring to distinguish its earlier case, Elroy N. Clark, 1943, 1 T.C. 663. That decision, we think, is in accordance with the result reached here.

The decision of the Tax Court will be reversed and the case remanded for proceedings not inconsistent with this opinion.

---

2. Int.Rev.Code, § 812, 26 U.S.C.A. § 812: "For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate * * * (b) * * * Such amounts * * * (2) for administration expenses, * * * as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered * * *."

3. Int.Rev.Code, § 811, 26 U.S.C.A. § 811: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible * * *."