EMMA PEABODY ABBETT, ET AL.,* PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22024, 22025, 22026, 22027. Promulgated February 14, 1952.

---

*Proceedings of the following petitioners are consolidated herewith: George Peabody; Stephen Peabody, Jr., George Peabody, and Emma Peabody Abbett, Executors of the Will of Stephen Peabody, Deceased; and Stephen Peabody, Jr.

*William H. Timbers, Esq.*, and *Morgan P. Ames, Esq.*, for the petitioners.

*Melvin L. Sears, Esq.*, for the respondent.

OPINION.

BLACK, *Judge:*

### Issue 1.

As has been mentioned in our preliminary statement the Commissioner, in his determination of the deficiency, has added three items to the net estate as reported by petitioners on the estate tax return: Item 1 was the value of the corpus of a trust which decedent created October 21, 1926, and which the Commissioner valued at $2,652,835.73; Item 2 was the value of the corpus of a trust which was created by Emu Associates, Inc., on August 18, 1936, and which the Commissioner valued at $150,000; and Item 3 was the value of gifts which decedent made to his three children on April 21, 1941, and which respondent has determined were made in contemplation of death. The Commissioner has determined the value of the property included in these

gifts to decedent's three children at the date of decedent's death to be $348,642.81.

The petitioners do not contest the inclusion by the Commissioner of Items 1 and 2 and on brief state they have already paid $977,790.49 on account of the Federal estate tax due to the adjustments which they do not contest. However, petitioners do contest Item 3 above and contend that the gifts which decedent made to his three children on April 21, 1941, were not made in contemplation of death but were made entirely from motives associated with life. These gifts were made nearly four years prior to decedent's death and there is, therefore, no statutory presumption that the gifts were made in contemplation of death. There is, however, a presumption that the determination of the respondent is correct. Petitioners recognize this fact and at the hearing introduced much testimony to overcome the presumptive correctness of respondent's determination. We think petitioners have succeeded in doing this and have shown that the gifts in question were not made in contempation of death, but were made from motives associated with life and were in no sense testamentary in character.

Both sides have discussed in their briefs numerous cases dealing with the "contemplation of death" issue, including the leading case of *United States* v. *Wells*, 283 U. S. 102. Manifestly it would not be practicable to discuss and comment upon the numerous cases cited and discussed by the parties in their briefs. Each case involving the issue of "contemplation of death" must naturally depend largely upon its own facts. In *United States* v. *Wells*, *supra*, the Supreme Court stated that the phrase "contemplation of death" as used in the statute does not refer to the general expectation of death which all entertain; it must be a particular concern giving rise to a definite motive. "Death must be 'contemplated,' that is, the motive which induces the transfer must be of the sort which leads to testamentary disposition." The Court continued: "Old age may give premonitions and promptings independent of mortal disease. Yet age in itself cannot be regarded as furnishing a decisive test, for sound health and purposes associated with life, rather than with death, may motivate the transfer." The Supreme Court further stated in the *Wells* case:

\* \* \* It is common knowledge that a frequent inducement is not only the desire to be relieved of responsibilities, but to have children, or others who may be the appropriate objects of the donor's bounty, independently established with competencies of their own, without being compelled to await the death of the donor and without particular consideration of that event. There may be the desire to recognize special needs or exigencies or to discharge moral obligations. The gratification of such desires may be a more compelling motive than any thought of death.

Without undertaking to restate in this Opinion the facts embodied in our Findings of Fact, we think it is sufficient to say that we think these facts establish that the gifts which decedent made to his three living children on April 21, 1941, were not made in contemplation of death nor were they intended to be testamentary in character. The evidence convinces us that the dominant motives which prompted decedent to make the gifts were associated with life, and not with death..

We, therefore, hold that the Commissioner erred in including the value of the property covered by these gifts in decedent's gross estate under section 811 (c), I. R. C.

### *Issue 2.*

Petitioners in an amendment to their petitions claim a deduction of $81,047.45 representing attorney fees and guardian fees which the Supreme Court of the State of New York on January 25, 1947, ordered the trustees to pay in an accounting proceeding which was had in that court. Petitioners claim this deduction, either as administration expenses or in diminution of the gross estate. It was not claimed as a deduction by the executors when the estate tax return was filed because it had not yet been incurred.

The amounts which were paid in this accounting proceeding and which payments were approved by the New York Supreme Court are not in dispute. Respondent does contend, however, that none of the $81,047.45 in question is deductible as administrative expenses or in diminution of the gross estate and, in the alternative, he contends that if any of it is deductible that only 50 per cent of it can be deducted as administrative expenses and that the remaining 50 per cent was clearly not administrative expenses but was incurred in the settlement of issues between the claimants of the trust estate.

The applicable statute is printed in the margin.[1]

---

[1] Internal Revenue Code.

SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—

\*     \*     \*     \*     \*     \*     \*

(b) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—Such amounts—

\*     \*     \*     \*     \*     \*     \*

   (2) for administration expenses,

   (3) for claims against the estate, and

\*     \*     \*     \*     \*     \*     \*

as are allowed by the laws of the jurisdiction, whether within, or without the United States, under which the estate is being administered, but not including any income taxes upon income received after the death of the decedent, or property taxes not accrued before his death, or any estate, succession, legacy, or inheritance taxes. \* \* \*

Petitioners in support of their contention that the entire amount is deductible rely on *Haggart's Estate* v. *Commissioner*, 182 F. 2d 514, reversing 13 T. C. 14. Respondent in support of his contention that none of the $81,047.45 is deductible relies on our decision in *Estate of Elizabeth W. Haggart*, 13 T. C. 14, and contends that the Third Circuit was wrong in reversing the Tax Court in that case. In the *Haggart* case the Commissioner contended that certain expenses incurred by the trustees of a revocable trust, the assets of which on the death of the settlor were under the provisions of section 811 (c), I. R. C., taxable to the estate of the settlor, could not be considered either a charge on the assets of the trust estate or a deduction from the gross estate for the purposes of taxation, unless they were definitely incurred by the trust estate prior to the death of the settlor. In that case we sustained respondent's contention, closing our opinion with these words:

> The respondent did not err in his determination that the value of the trust property includible in the gross estate of decedent may not be reduced by attorney fees and other expenses attributable to the administration of the trust.

As has already been stated the Third Circuit reversed our decision and in reversing us the court, among other things, said:

> * * * The net value of this inter vivos trust is subject to the estate tax. Int. Rev. Code, §§ 811 (c) (1) (B), 811 (d) (1), 26 U. S. C. A. § 811 (c) (1) (B), (d) (1). The taxpayers do not contend to the contrary. If the corpus of the trust is to be included as a subject of taxation it seems incongruous for the expenses involved in determining decedent's net estate to be disregarded. It was necessary, under the law which governed the trustees in their administration of the trust, to have an acccounting after the decedent's death. Her life interest had terminated, obviously, and a new trustee was to be substituted also. Her personal estate outside the trust was to go to the trustees to be administered in accordance with the terms of the trust. All this was done and, as the statement of facts shows, the fee for this work was allowed by the proper court in Pennsylvania.

The court continued at page 516:

> Whether they are to be allowed as expenses of administration or whether they are to be allowed in diminution of the gross estate does not matter in this case. It comes out the same either way and, therefore, we refrain from committing ourselves to a choice.
>
> The two Court of Appeals decisions in *Commissioner of Internal Revenue* v. *Bronson*, 8 Cir., 1929, 32 F. 2d 112, and *Commissioner of Internal Revenue* v. *Davis*, 1 Cir., 1943, 132 F. 2d 644, tend to support our conclusion. We think the Tax Court was mistaken in endeavoring to distinguish its earlier case, *Elroy N. Clark*, 1943, 1 T. C. 662. That decision, we think, is in accordance with the result reached here.

We agree with the Third Circuit that we were wrong in deciding that the *Haggart* case, *supra*, was distinguishable on its facts from *Elroy N. Clark, et al., Trustees*, 1 T. C. 663. In the *Clark* case we said:

\* \* \* These [fees] being for service in connection with trustees' accountings, in our opinion they were, like the trustees' commissions, necessary charges against the estate at the date of death. *Estate of Frederic E. Baldwin,* 44 B. T. A. 900, relied on by the respondent, involved attorneys' fees for controversies arising after the death; here the trustees must necessarily file accounting, in order to pass the estate. The deduction of the attorneys' fees from gross estate is allowed.

We think, therefore, that in the instant case we should follow the *Clark* case and the Third Circuit's reversal of our decision in the *Haggart* case, *supra,* rather than our own decision in *Estate of Elizabeth W. Haggart, supra.* By this we mean we should allow as a deduction that part of the $81,047.45 which was expended for attorney fees and guardianship fees in the settlement of the usual issues involved in a trust accounting. It is clear that this accounting proceeding was deemed necessary by the Central Hanover Bank and Trust Company which was the trustee during decedent's lifetime preparatory to taking in as cotrustees decedent's two sons, Stephen, Jr., and George. The uncontradicted evidence is that 50 per cent of the total fees allowed could fairly be allocated to the straight usual issues involved in a trust accounting and that 50 per cent of the total fees allowed could be fairly allocated to the other issues of law and fact involved in the proceedings.

During the course of the accounting proceeding certain issues arose of undue influence on the grantor with respect to the September 23, 1943, amendment raised by the objections to the accounting. It is the testimony of competent witnesses that 50 per cent of the $81,047.45 is properly attributable to this part of the litigation and we have so found in our Findings of Fact. We do not think that this particular part of the expenditures can be properly classed as administrative expenses. This 50 per cent of the $81,047.45 is not deductible. See *Estate of Frederic E. Baldwin,* 44 B. T. A. 900. In the *Baldwin* case, the estate sought a deduction of $8,000 as administrative expenses which the executor and trustee had paid, not as administrative expenses but in settlement of attorney fees incurred in litigation attacking the deed of trust and the will and codicil of decedent. We held that attorney fees incurred in litigation arising among the beneficiaries after decedent's death were not deductible as administrative expenses. We think we have a comparable situation here insofar as the 50 per cent is concerned which was incurred in the litigation to settle issues which arose outside the usual scope of an accounting proceeding.

Reviewed by the Court.

*Decisions will be entered under Rule 50.*