**FIDELITY–PHILADELPHIA TRUST CO.
Executor, Estate of Aaron Berkman,
Deceased,**

v.

**Francis R. SMITH, Collector of Internal
Revenue, 1st District of Penn-
sylvania.**

**Civ. A. 13836.**

United States District Court
E. D. Pennsylvania.

Sept. 2, 1955.

Edward E. Dicker, Philadelphia, Pa.,
for plaintiff.

W. Wilson White, U. S. Atty., Alan J.
Swotes, Asst. U. S. Atty., H. Brian Hol-
land, Asst. Atty. Gen., Andrew D.
Sharpe, H. Eugene Heine, Jr., Special
Assts. to Atty. Gen., for defendant.

KIRKPATRICK, Chief Judge.

This is an action to recover the sum of
$3,446.08, representing estate taxes al-
leged to have been erroneously assessed
and collected. The principal part of the
claim arises from the disallowance by
the Commissioner, in arriving at the net
value of the estate, of certain deductions

(amounting to $11,503.33) for counsel fees and expenses and trustees' commissions. As to this part of the claim, the relevant facts were all stipulated. The case was tried to the Court without a jury.

In 1929 Aaron Berkman, the settlor, set up an inter vivos trust with the plaintiff as trustee and himself as the income beneficiary, reserving the right to revoke, amend, etc. As finally amended, the trust instrument provided that the trust was not to terminate upon the death of the settlor but would continue during the life of his wife and thereafter the lives of certain named children. There was no provision relating to payment of commissions or attorneys' fees upon the death of the settlor.

The settlor died in 1949 leaving a will by which the plaintiff was made executor. In April 1950 the plaintiff, as executor, filed its account showing a net estate of $787.07, which account was adjudicated by the Orphans' Court of Pennsylvania on May 5, 1950. Shortly afterward the plaintiff, this time as trustee, filed its account as trustee of the continuing trust which account was adjudicated June 9, 1950. In this account the trustee claimed the credits which were referred to above. No exceptions were taken.

When it came to paying the inheritance tax, the trust estate, of course, had to be included and the plaintiff in the estate tax return took deductions for the items here in controversy, which deductions were subsequently disallowed by the Commissioner.

█ I am of the opinion that the Commissioner erred in disallowing the deductions for counsel fees and expenses but that he was correct in disallowing the trustee's commission.

As to the legal fees and expenses, the case is ruled by Haggart's Estate v. Commissioner of Internal Revenue, 3 Cir., 182 F.2d 514. The facts in the two cases are almost the same. The distinction which the defendant seeks to draw, based upon the fact that in the Haggart case a new trustee was substituted upon the death of the set-

tlor, thus making it necessary under the state law governing trustees in the administration of trust estates to have an accounting after the settlor's death, is without substance. In the present case, although the trustee was not required by law to file its account upon the settlor's death, it was expressly authorized by statute to do so and every consideration of proper and orderly trust administration made it almost, if not quite, necessary. The trust had been in effect for 20 years with no account filed. It became irrevocable upon the death of the settlor and the trustee was now accountable to a new set of beneficiaries. It seems to me that the fact that there was no change in trustees is the least important consideration bearing upon the question.

██ The matter of trustees' commissions was not involved in Haggart's Estate, the Commissioner having allowed them. Commissions paid upon income of a trust are ordinarily proper credits to the trustee and will not be included in the taxable estate. In the present case, however, although the trust had not terminated, the trustee took an advance or interim commission based upon a certain percentage of the principal of the trust. The practice of a trustee's taking an interim commission on principal is now authorized by the Pennsylvania Act of 1953, P.L. 190, 20 P.S. §§ 3274–3279, but in 1950 when this account was filed, interim commissions on principal were not allowable. See In re Williamson's Estate, 368 Pa. 343, 82 A.2d 49. Section 812 of the Internal Revenue Code of 1939, 26 U.S.C. § 812 excludes from the net estate "claims against the estate * * * as are allowed by the laws of the jurisdiction", which would not include this deduction since there were no special circumstances, such as extraordinary services or agreement between the settlor and trustee which might in some cases make the claim an allowable one.

█ The fact that the auditing judge permitted the interim commissions to stand is not controlling. There was no exception filed to the account in re-

spect of the commissions and, if the remainderman were willing to have them paid, there was no duty upon the auditing judge to disallow the claim upon his own motion. His adjudication of the account, absent any exception to the claim in question, was not a declaration that the commission was allowable under the law of Pennsylvania. The controlling test is the law of Pennsylvania and that had been clearly declared in the Williamson case, supra.

The balance of the plaintiff's claim has to do with three joint savings accounts, amounting in all to $982.43, standing in the name of the decedent and his daughter. The daughter informed the plaintiff that these accounts were her property, representing her own funds, and the plaintiff did not include them in its return of the taxable estate. The Commissioner included them and assessed a deficiency. I accept the testimony of the daughter taken in court as true and find as a fact that the accounts in question were not the property of the decedent at the time of his death.

Judgment accordingly.