FLORENCE SCOFIELD STONE AND GRACE SCOFIELD BONNET, AS EXECUTRICES UNDER THE LAST WILL AND TESTAMENT OF MARION SCOFIELD, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 80628. Promulgated July 13, 1938.

52

*John M. Bovey, Esq.*, for the petitioners.
*Irving M. Tullar, Esq.*, for the respondent.

54

OPINION.

VAN FOSSAN: As heretofore indicated, the three issues presented by this case are (1) whether there should be included in the decedent's gross estate a proportionate interest in a certain irrevocable trust fund of which decedent was one of the creators; (2) whether there should be deducted from the gross estate the sum of $1,000 paid by petitioners as executrices of the estate pursuant to a promise made by the decedent prior to her death to aid a scholarship fund in a private school; and (3) whether or not interest accrued, subsequent to decedent's death, on a Federal income tax deficiency and paid by petitioners as executrices of the estate, might be deducted as an expense of the estate.

It is conceded by the stipulation of facts that the transfer in question is not a gift in contemplation of death. Respondent, however, urges that it is "a transfer, by trust * * * intended to take effect in possession or enjoyment at or after * * * death." (Sec. 302 (c), Revenue Act of 1926.)

The parties to this proceeding are agreed that there is no dispute as to the facts, but rest their entire respective contentions upon the conclusion of law to be reached on the facts.

The law is now well established that there should not be included in the gross estate of the decedent property that has been transferred in trust by an absolute conveyance, with the provision, in the terms of the grant, that the property was to revert to the donor or creator of the trust in the event the beneficiary predeceased him. The landmark case on this principle is *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39. In that case it was held that the event which gives rise to a transfer tax is the death of the decedent, with the resulting transfer of his estate by will or intestacy law, and that a transfer inter vivos to be taxable as a "transfer intended to take effect in possession or enjoyment at or after death" must have been made as a substitute for disposition by will or under intestacy law. The Court specifically held that the provisions of an irrevocable trust estate that the estate should revert to the grantor in case the beneficiary predeceased him, where the latter contingency did not occur, created a situation wherein the corpus was not taxable as a "transfer intended to take effect in possession or enjoyment at or after death."

The reasoning of the Court clearly appears from the following quotation:

If, therefore, no interest in the property involved in a given case pass "from the possession, enjoyment, or control of the donor at his death," there is no interest with respect to which the decedent has created a trust intended to take effect in possession or enjoyment at or after his death. The grantor

here, by the trust instrument, left in himself no power to resume ownership, possession, or enjoyment, except upon a contingency in the nature of a condition subsequent, the occurrence of which was entirely fortuitous so far as any control, design, or volition on his part was concerned. After the execution of the trust he held no right in the trust estate which in any sense was the subject of testamentary disposition. His death passed no interest to any of the beneficiaries of the trust, and enlarged none beyond what was conveyed by the indenture. His death simply put an end to what, at best, was a mere possibility of a reverter by extinguishing it; that is to say, by converting what was merely possible into an utter impossibility. This is well stated by the court below, 75 F. (2d) 416, at page 418: "It was only in the case of the happening of certain contingencies over which he had no control that the property would revert to him. One of these contingencies was the death of his daughter prior to his death, while the trust still continued; and the second was a termination by the trustees of the trust during the lifetime of the grantor. Neither of these contingencies occurred, and there was, during the decedent's lifetime, nothing more than a possibility that either would occur. In no proper sense was there an enlargement of the interests of the beneficiaries of the trust resulting from the death of the decedent. That event merely changed the possibility that the property would revert to him into an impossibility."

It is our opinion that the present case is identical in principle with the case last discussed. There, as here, the trust was irrevocable in so far as the donor was concerned and there, as here, the donor of the trust predeceased the beneficiary. The conclusion necessarily follows that in the case at bar there was merely a possibility of reverter with interest passing by reason of the donor's death. The control and disposition of the property were to be governed by the terms and operation of the trust and were not affected by the donor's death.

The respondent's contention is that by the terms of the trust instrument the decedent and her two sisters, as grantors, parted only with a limited life interest in the income of the trust res not to exceed $5,000 a year in favor of the beneficiary, and retained for themselves the remainder interest not only in the income in excess of $5,000 per year but also in the trust property. The facts do not disclose this to be the true situation and we do not accede to the respondent's contention that the decedent had a remainder interest in one-third of the trust property, plus the interest remaining after the grant of specified income of the property to the beneficiary for life. Her interest, as we have said, was a mere possibility of reverter should the life beneficiary predecease her.

Respondent relies strongly upon the case of *Klein* v. *United States*, 283 U. S. 231. This is the same case relied upon by the Government in *Helvering* v. *St. Louis Union Trust Co., supra.* In the last cited case the Court at some length drew a distinction which is equally applicable in the present case. The Court said:

There [in the *Klein* case] the grantor, 15 months prior to his wife's death, conveyed to his wife by deed a life estate in certain lands. But in the event that she survived the grantor, "and in that case only," she was to take the lands in fee simple. The effect of this deed, we held, was that only a life estate was vested, the remainder being retained by the grantor; and whether that should ever become vested in the grantee depended upon the condition precedent that the grantor die during the life of the grantee. The grantor having died first, his death clearly effected a transmission of the larger estate to the grantee. But here the grantor parted with the title and all beneficial interest in the property, retaining no right with respect to it which would pass to any one as a result of his death. Unlike the *Klein* Case, where the death was the generating source of the title, here, as the court below said, the trust instrument and not the death was the generating source. The death did not transmit the possibility, but destroyed it.

Respondent also relied upon *Commissioner* v. *Schwartz*, 74 Fed. (2d) 712, which was a case decided by the Second Circuit Court of Appeals prior to the decision of the Supreme Court in *Helvering* v. *St. Louis Union Trust Co.*, *supra*. The Second Circuit Court of Appeals has since that time decided, *per curiam*, *Brooks* v. *Commissioner*, 87 Fed. (2d) 1000, affirming the Board on the authority of *Helvering* v. *St. Louis Union Trust Co.*, *supra*. *Commissioner* v. *Schwartz*, *supra*, therefore must be rejected as authority.

The principle established in *Helvering* v. *St. Louis Union Trust Co.*, *supra*, has been applied frequently by the Supreme Court, the intermediate courts, and this Board.[1]

Respondent's arguments, based on the retention by the decedent of a share in any possible excess income, are not well founded. The trust indenture was made in November 1927, prior to the amendment of the law by the Joint Resolution of Congress of March 5, 1931. *Helvering* v. *Helmholz*, 296 U. S. 93; *Hassett* v. *Welch*, 303 U. S. 303. Moreover, by the stipulated facts, the provision in the instant trust agreement for the payment to the grantors of any trust income in excess of $5,000 per annum was but doing lip service to the New York law prohibiting an accumulation of income in such trusts. And in addition, the nature of the trust investments is such that the probability of excess trust income is remote to the degree of being impossible.

The second issue arises by reason of respondent's denial of a deduction of $1,000 paid by petitioners to the Bonita School. The basis for

---

[1] *Bingham* v. *United States*, 296 U. S. 211; *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48; *Bullard* v. *Commissioner*, 90 Fed. (2d) 144 (cf. *Welch* v. *Hassett*, 90 Fed. (2d) 833); *Walker* v. *United States*, 83 Fed. (2d) 103; *Cross* v. *Nee*, 18 Fed. Supp. 589; *Smith* v. *United States*, 16 Fed. Supp. 397; *Myers* v. *Magruder*, 15 Fed. Supp. 488; *Estate of Waldo O. Bryant*, 36 B. T. A. 669; *Jeanette E. Rushmore, Executive*, 36 B. T. A. 480; *Daisy Christine Patterson, Executrix*, 36 B. T. A. 407 (cf. *Warren H. Corning*, 36 B. T. A. 301); *Frederick Davis Van Sicklen*, 35 B. T. A. 306; *Jacob Schneider*, 35 B. T. A. 183; *Anna Ball Kneeland et al., Executors*, 34 B. T. A. 816. Cf. *Stewart W. Bowers, Trustee*, 34 B. T. A. 597; *Mary Q. Hallock et al., Trustees*, 34 B. T. A. 575; *Guaranty Trust Co. of New York et al., Executors*, 33 B. T. A. 1225.

this denial was that it was not shown that the pledge was contracted or incurred for a full and adequate consideration in money or money's worth.

By the stipulated facts, the decedent agreed with petitioner Grace Scofield Bonnet to pay $1,000 of the $2,400 scholarship fund if petitioner Grace Scofield Bonnet agreed to pay the balance of $1,400, which petitioner Grace Scofield Bonnet agreed to do.

The Board has many times had similar contentions before it and has consistently held that the monetary pledges of others constituted an adequate and full consideration within the meaning of the statute. *Jeptha H. Wade, Jr., et al., Executors,* 21 B. T. A. 339; *Maude L. Porter et al., Executors,* 34 B. T. A. 798; affd., 92 Fed. (2d) 426; *Robert A. Taft, Executor,* 33 B. T. A. 671; *Margaret Day et al., Executors,* 34 B. T. A. 11, affirmed *per curiam,* 91 Fed. (2d) 1009, and reversed on other issues, 92 Fed. (2d) 179; *Commissioner* v. *Bryn Mawr Trust Co.,* 87 Fed. (2d) 607, affirming B. T. A. memorandum opinion; *Edna F. Hayes et al., Executors,* 34 B. T. A. 808; *Frances Plumer McIlhenny et al., Executors,* 22 B. T. A. 1093; *David A. Reed et al., Executors,* 24 B. T. A. 166. We, therefore, hold that the $1,000 paid by petitioners toward the sum of $2,400 to be used for scholarship purposes in connection with the Bonita School is deductible from the gross estate.

As stated in the findings of fact, after the filing of the petition in this case, petitioners, as executrices of the estate, made expenditures totaling $1,174.15 in connection with the litigation and settlement of decedent's 1930 and 1931 income tax. By the stipulation, respondent concedes that this sum should be allowed as a deduction from the gross estate for the purpose of computing the net estate and the tax thereon. This adjustment will be made under Rule 50.

The remaining issue concerns petitioners' contention that there should be allowed as a deduction from the gross estate the amount of interest paid respondent on a deficiency in income tax due by decedent, which interest accrued and was paid, together with the additional tax, after decedent's death.

We are unable to find a basis for allowing this deduction from the gross estate. Petitioners' contention is that the deduction should be permitted, either as a debt or as an administration expense. With this we do not agree. The court in *Old Colony Trust Co.* v. *United States,* 15 Fed. Supp. 417, was confronted with this same question and said:

As to the item of $348,136.16 which represents interest on the income tax due from the decedent which accrued after his death, I can find no authority for deducting this from the gross estate of the decedent subject to federal estate tax. Section 302 of the Revenue Act of 1924 (43 Stat. 304) provides that: "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated."

At the decedent's death, there was due the United States the sum of $1,680,-395.67 as principal and $51,777.47 as interest on that principal. As a debt of the estate to the United States, both principal and interest accruing at that time were proper deductions. Interest accruing after the date of the death, however meritorious may have seemed the contention that the estate was not liable to such income tax, was not within the meaning of the act prescribing the time and method of computing the estate of the deceased person for the purposes of estate taxes. To allow the deduction of interest accruing while resisting a valid claim against the estate might result in defeating the very purpose of the Estate Tax Law. * * *

Nor is the sum in question conceivably an administration expense. We, therefore, hold for respondent on this issue.

*Decision will be entered under Rule 50.*