In the Matter of the Petition of RUSSELL, SHEVLIN & RUSSELL, as Attorneys for PAUL KALLMEYER, Limited General Guardian of GLORIA LIMBERG and LUCILLE LIMBERG, for a Counsel Fee in the Estate of CHARLES LIMBERG, Also Known as CHARLES A. LIMBERG, Deceased. ALPHONSE G. LIEBER, Special Guardian for GLORIA LIMBERG, an Infant, etc., and RUSSELL, SHEVLIN & RUSSELL, Attorneys, Appellants; WILLIAM C. LIMBERG, Respondent.— Decree of the Surrogate's Court, Queens county, modified by striking out the first ordering paragraph thereof and, as so modified, unanimously affirmed, with one bill of costs, payable out of the estate to all appellants. The matter is remitted to the surrogate to ascertain the value of the services rendered by the attorneys-appellants in opposing the probate of a paper writing as the last will and testament of Charles A. Limberg, deceased, and to make an allowance to said attorneys-appellants pursuant to section 231-a of the Surrogate's Court Act. As the result of the services of attorneys-appellants, a paper writing purporting to be the last will and testament of Charles A. Limberg, deceased, was denied probate. The estate is now being administered and is to be distributed in accordance with the statutes governing intestacy. All of those who will share in such distribution have been benefited by reason of the services of the attorneys-appellants. Thus these services conferred a benefit upon the estate, for an estate cannot be considered simply as a mass of property irrespective of and divorced from those who are entitled to share therein. If an allowance out of the general assets were denied, an anomalous situation would ensue. A contestant would then have to bear the expense for the attorneys' fees out of his own share despite the fact that his efforts resulted in equal benefit to all remaining distributees, who would thereupon profit by their inaction. Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

In the Matter of the Judicial Settlement of the Account of Proceedings of GEORGE R. ROE and ELLA ROBINSON ROE, as Executors, etc., of GELSTON G. ROE, Deceased, Appellants; PIERSON R. HILDRETH, as Receiver in Proceedings Supplementary of the Property, Rights, etc., of GEORGE R. ROE, Judgment Debtor, Respondent.— On appeal by executors from an order entered in the Surrogate's Court of Suffolk county (a) directing them to file a full and complete account of their proceedings, (b) adjudging a partial account filed by them to be insufficient, and (c) adjourning the consolidated proceeding to January 23, 1939, order modified by striking out the three decretal paragraphs thereof and by substituting therefor a paragraph directing the executors to account for the gross rentals received by them from the building mentioned in paragraph " Second " of the will; for all amounts expended by them in respect of such building, as carrying charges or otherwise, showing the source of the money so expended; and for all amounts paid by them to the receiver's judgment debtor out of the gross rentals received from such building. As so modified the order is affirmed, without costs. Hagarty, Carswell, Adel, Taylor and Close, JJ., concur. Settle order on notice.