ESTATE OF WILL WRIGHT, DECEASED, SAM J. EDWARDS, INDEPENDENT EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9960. Promulgated March 11, 1947.

*Geo. S. Atkinson, Esq.*, for the petitioner.

*Donald·P. Chehock, Esq.*, and *James L. Backstrom, Esq.*, for the respondent.

**OPINION.**

**DISNEY,** *Judge*: This case involves Federal estate tax liability. Deficiency was determined in the amount of $1,839.48. The petition does not assign as error some of the items entering into the deficiency. The only question left for our consideration is whether there shall be included in decedent's gross estate the entire amounts paid upon certain life insurance policies, or whether there shall be included only the amounts remaining after the deduction of certain attorneys' fees, either upon the theory of deduction of such attorneys' fees as expenses of administration, or claim against the estate, or upon the theory that the estate received only the net amount. All facts have been stipulated and we find the facts to be as so stipulated. They may be epitomized as follows:

The decedent, Will Wright, died on November 30, 1943. He was at the time of his death a resident of Dallas, Texas. The estate tax return for his estate was filed February 28, 1945, with the collector at Dallas, Texas. His will was admitted to probate by the Probate Court of Dallas County, Texas, on December 21, 1943.

At the time of his death, the decedent carried two life insurance policies, one in the sum of $5,000, payable to two daughters, Clara Dolores Wright Pearce and Catherine P. Wright Bell, and another in the amount of $10,000, payable to his wife, Clare Patterson Wright. Each policy contained provision for double indemnity payment in case of accidental death and was not subject to claims against decedent's estate. The wife and daughters were all living at the time of decedent's death. The independent executors of the estate and the beneficiaries under the policies considered his death accidental. The beneficiaries, in order to enforce their claim against each of the insurance policies, on December 1, 1943, executed contracts with a firm of attorneys, Caldwell, Baker & Jordan, for the collection, under the terms of the policies, of double indemnity for accidental death. The contract as to the $10,000 policy was executed by the wife and the contract as to the $5,000 policy was executed by the decedent's wife and his daughters, together with the husband of one of the daughters.

Each contract was in the same form, except as to the name of the insurance company and the parties, and each provided that the attorneys were employed to represent the beneficiary or beneficiaries to settle or prosecute to judgment the claim against the insurance company, the attorneys being fully authorized and empowered to bring suit, but the consent of the beneficiary being necessary before final settlement. In consideration of such services, the beneficiaries agreed to pay and allow as compensation one-third of the amount above the face value of the policy. "In other words (⅓) one third of the Double Indemnity of the policy, of all that they recover herein, and I and we assign said attorneys their said interest out of the avails of the recovery * * *."

The claims were settled by the attorneys, and in connection with the $5,000 policy there was paid on February 2, 1944, $5,000 representing the face amount of the policy, to the daughters; and in settlement of the double indemnity feature of the policy $4,500 was paid, the check being payable to the two daughters, their husbands, and the attorneys above named, jointly, the $4,500 being a compromise settlement under the double indemnity feature of the policy. In connection with the $10,000 policy, decedent's wife was paid $10,000 by check, payable to her, and, in addition, in settlement of the double indemnity feature of the policy, a check was made payable to the wife and the attorneys in the amount of $7,500. Attorneys' fees and expenses as to the $5,000 policy were paid out of the insurance proceeds in the amount of $1,689, and, as to the $10,000 policy, attorneys' fees and expenses were paid out of the insurance proceeds in the amount of $2,814.80.

The Federal estate tax return as to the $5,000 policy reported $7,811, representing $9,500 collected from the insurance company, less $1,689 attorneys' fees and expenses of collection; and in connection with the $10,000 policy it reported $14,685.20, representing $17,500 collected from the insurance company, less $2,814.80 attorneys' fees and expenses of collection. In the deficiency notice the Commissioner determined that under section 811 (g) of the Internal Revenue Code, as added by section 404 (2) of the Revenue Act of 1942, the entire proceeds of the two policies, that is, the entire $9,500 and the entire $17,500, were properly returnable in the gross estate. The gross estate was thus increased by $4,503.80, the amount of the attorneys' fees and expenses incurred in the collection of the insurance, which were thus disallowed.

It is stipulated that all other adjustments in the notice of deficiency are accepted by the petitioner and that in case this Court holds that the respondent erred in increasing gross estate by $4,503.80, the deficiency to be redetermined herein is $848.65, and that in case this Court sustains the respondent's contention in increasing gross estate by $4,503.80, the deficiency should be redetermined in the amount determined in the deficiency notice.

The only question presented to us here is whether only the net amount received by the beneficiaries under the life insurance policies paid by reason of the death of the decedent is includible in gross estate, under section 811 (g) (2) of the Internal Revenue Code, or, in the alternative, whether the estate is entitled to deduction of the attorneys' fees and expenses as administration expenses or as claims against the estate, under section 812 (b) of the Internal Revenue Code (and section 81.35 of Regulations 105). Both sections are set forth in the margin.[1]

The respondent denies both the principal and alternative contentions.

Section 811 (g) (2) of the Internal Revenue Code provides for inclusion in the gross estate of a decedent of the amount receivable by beneficiaries other than the decedent's estate, as insurance policies upon his life. (The statute requires that such insurance be purchased with premiums or other consideration paid directly or indirectly by the decedent, or that he possessed at death incidents of ownership, but no question is suggested, or facts shown in that regard, except that the decedent at death "carried" the insurance. The parties apparently are in agreement that the statute is satisfied in that respect, and we so assume.)

The first question here presented is whether the amount of a contingent fee paid to attorneys for collection of the insurance, the amount being included in a check for the insurance and paid by the insurance company's check made jointly to the beneficiaries and the attorneys, is includible in gross estate. In the alternative, if the amount of

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

*     *     *     *     *     *     *

(g) PROCEEDS OF LIFE INSURANCE.—

*     *     *     *     *     *     *

(2) RECEIVABLE BY OTHER BENEFICIARIES.—To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, or (B) with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person. * * *

SEC. 812. NET ESTATE.

For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate.—

(a) EXEMPTION.—An exemption of $100,000 ;

(b) EXPENSES, LOSSES, INDEBTEDNESS, AND TAXES.—Such amounts—

*     *     *     *     *     *     *

(2) for administration expenses,

(3) for claims against the estate,

*     *     *     *     *     *     *

as are allowed by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered, * * *

such attorneys' fees is includible in gross estate, is it then deductible under section 812 (b) (2), (3), of the Internal Revenue Code, which, *inter alia*, allows deduction from gross estate for "administration expenses," and "claims against the estate"?

In support of his first contention, the petitioner argues, in effect, that the situation here is analogous to one wherein the amount by which the insurance was reduced consisted of loans existing at the time of death against insurance policies, to secure which the policies had been assigned by the decedent. We do not agree, for in such a case clearly the beneficiaries had no right to receive as insurance more than the face value of the policy, less the loans. Here, the attorneys' fees were obligations of the beneficiaries, not of the decedent. We held in *Leopold Ackerman, Executor*, 15 B. T. A. 635, that amounts received under double indemnity provisions of life insurance policies were within the statute, section 302 (g), Revenue Act of 1924. The fact that the beneficiaries saw fit, or found it necessary, to incur expense in collection of such insurance, does not logically reduce the amount of such insurance. The insurance companies were not obligated to pay attorneys' fees or expenses, but only insurance. What they paid was therefore "receivable * * * as insurance" by the beneficiaries. That the checks were made payable jointly to beneficiaries and attorneys is of no weight, for plainly that was a matter of agreement between beneficiaries and attorneys. The insurance companies, in the acceptance and cashing of checks so drawn, under their contracts to pay "insurance," might have declined to pay to any other than the beneficiaries. Any receipt by attorneys of the moneys payable under the policies thus appears as by the permission of the beneficiaries, and the result is no different than if the entire amounts paid by the companies had been received by the beneficiaries, and they had then paid the attorneys their fees. Those fees arose merely because of the contract by the beneficiaries to pay, and not out of the insurance policies. The petitioner's view, we think, confuses what was "receivable * * * as insurance" with what was *received*, and appears to be based upon the idea that the beneficiaries *received* only the net amount after attorneys' fees (in the sense that they realized in the end only the net amount), and, therefore, only such net amount was "insurance receivable." In fact, however, the beneficiaries can not be said not to have received the insurance money. They received a check for it, and, so far as the insurance companies were concerned, they could have insisted on the entire amount. Therefore, acceptance of the check payable jointly to them and the attorneys is seen not as proving that the insurance money was not receivable or not received by them, but merely as a convenient way of satisf- ing the contractual obligation to pay attorneys' fees. The estate tax is one upon transfer of the insurance as a part of the net estate of the decedent. *Chase National Bank* v.

*United States,* 278 U. S. 327. It is clear, in our opinion, that the agreement of the beneficiaries to pay attorneys' fees for services in collection, does not diminish the amount of the net estate of the decedent transferred by death, upon which the tax is to be computed. That the beneficiaries assigned to the attorneys "their said interest out of the avails of the recovery," only serves to accentuate the fact that the insurance rights had been transferred by death to the beneficiaries. We hold that the entire amounts paid by the insurance companies were includible under section 811 (g) (2) in decedent's gross estate.

Were the attorneys' fees and expenses, nevertheless, deductible as expenses, under the petitioner's alternative contention and section 812 (b) (2), (3), as administration expenses or claims against the estate? In our opinion, no. They come within neither category. The executors of the estate made no contract with attorneys, incurred no expense. They could not properly have done so, for the policies are stipulated to have been not subject to claims against the estate, and it would not have been the executors' duty to recover something neither constituting a part of the estate nor subject to claims against it. In *Estate of Robert H. Hartley,* 5 T. C. 645, we considered attorneys' fees claimed as administration expenses, under section 812 (b) (2), and said:

\* \* \* The deduction for administration expenses is to cover the actual expenses of administering the estate of the decedent under the laws of the sovereign authority which has jurisdiction over the administration of that estate. The amounts here in controversy are not expenses of administering the estate of this decedent under the laws of Pennsylvania. They are not chargeable against the decedent's estate at all. They are amounts which his widow has agreed to pay the executors and their attorneys in connection with the filing of the decedent's Federal estate tax return. The Tax Court can not legislate, and no matter how reasonable some additional deduction might appear to be, it can allow only those deductions which are proper under the statutes which Congress has enacted. The items here in controversy are not deductible under those statutes and, therefore, can not be allowed.

Petitioner's citation of *Schmalstig* v. *Conner,* 46 Fed. Supp. 531, is not helpful. Therein the attorneys' fees were paid for services in litigation necessary to the construction of the will, which was found to contain invalid trust provisions. Though there were attorneys employed by a beneficiary, it was because the executors had not instituted action, and the Ohio probate court held the fees to be a proper charge against the estate, under Ohio law. The district court considered itself without authority to interfere with the decision of the probate court. The case comes, therefore, within the statute which provides for deduction of administration expenses allowed by laws of the jurisdiction under which the estate is being administered. Here the attorneys' fees were of no benefit or interest to the decedent's estate, under administration in the Texas probate court, for such

administration was not interested in the insurance money belonging to the beneficiaries. Texas law does not countenance expense by an administrator which is not necessary to his administration. Texas Jurisprudence, vol. 14, pp. 470-471. *Neblett* v. *Butler*, 162 S. W. (2d) 458, cited by the petitioner, involved fees of guardians ad litem, necessarily appointed by the court to represent an incompetent beneficiary and a minor beneficiary under a will—a clearly proper administration expense. Not only was there in the instant case no employment of the attorneys by executors or appointment by the court, but there is no showing of either allowance or allowability of the fees by the probate court in the pending administration. The matter was altogether outside the administration. As to the fees being "claims against the estate," though this statutory item is stated in petitioner's heading of argument, we find no argument made on its behalf. In any event, we regard it altogether clear that the attorneys' fees were never claims against the estate. Neither decedent nor executors ever incurred them. Even ad valorem taxes, assessed after decedent's death against personal property in the possession of the executors, were held not claims against the estate, *Hill* v. *Grissom*, 299 Fed. 641; and, for real estate taxes to be deductible from gross estate, the lien thereof must have attached before death of decedent. *Estate of Theresa Seagrist*, 42 B. T. A. 1159. Clearly, then, attorneys' fees incurred after decedent's death by beneficiaries as to insurance, no part of the administered estate, are not claims against it. We conclude and hold further that the attorneys' fees paid are not deductible under section 812 (b) (2), (3), of the Internal Revenue Code.

*Decision will be entered for the respondent.*