John D. Bennett, S.
The compromise and settlement of a contested probate proceeding has resulted in the present proceeding under section 231-a of the Surrogate’s Court Act, whereby the attorneys-for the former contestant seek to charge *689 the estate for services rendered by them which allegedly benefited the estate.
The petitioners allege that a substantial portion of the services performed by them related to efforts on their part to arrive at a compromise and settlement of the contested probate, and that “ all effort toward settlement materially benefited the estate and therefore should be charged to the estate ’ ’.
The Appellate Division, First Department, in Matter of Foreman (238 App. Div. 388) disposed of a similar contention saying at page 392: “We are not impressed by the fanciful argument of counsel for the respondents that the contestant’s withdrawal of her objections, and her consent to the entry of a decree admitting the will to probate, saves a long and expensive contest, thereby benefiting the estate of the decedent. We do not think the consent of the contestant to the admission of the will to probate is such an advantage to the estate as would justify the payment of her counsel from the general estate. ’ ’
The facts and circumstances in this particular compromise show no facts other than the withdrawal of a contest which in and of itself is insufficient to warrant the awarding of a fee. There may be attendant circumstances which would warrant a fee, but none appear in the present application.
The petition is dismissed.
Settle decree on five days ’ notice, with three additional days ’ notice if served by mail.