■    AARON T. HOGGARD, Respondent, v. GEORGE A. MAGNUSON, Appellant. — In an action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Westchester County, dated January 4, 1960, granting plaintiff's motion for summary judgment. Order reversed, with $10 costs and disbursements, and motion denied. In our opinion, there is an issue of fact as to plaintiff's freedom from contributory negligence. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■    In the Matter of the Probate of the Will of JOSEPH M. BACHARACH, Deceased. LOUIS J. LEFKOWITZ, Attorney-General of the State of New York, et al., Appellants, HENRY H. NORDLINGER et al., Respondents.— In a proceeding to probate the last will and testament of the deceased, which was contested by the three respondents named Abels and by the respondent Eshbaugh, and which resulted in the will being admitted to probate after a compromise pursuant to which each of the four contestants and the infant respondent would receive $2,000 upon the death of Eleanore Weel, the life beneficiary of the residuary trust created by the will, the said life beneficiary and the Attorney-General appeal from so much of an order of the Surrogate's Court, Kings County, dated May 6, 1960, made pursuant to section 231-a of the Surrogate's Court Act, as fixed $2,500 as the compensation for the four contestants' attorneys, the respondents Conner, Chopnick & Garrell, "for the legal services rendered by them which were useful to the Court and of substantial benefit to this estate". Order modified on the law and the facts by striking out the third decretal, paragraph fixing the compensation of said attorneys at $2,500, and by substituting therefor a provision denying any compensation to them out of the testator's estate. As so modified, the order is affirmed, without costs. Findings of fact implicit in the order and in the opinion or decision of the Surrogate, insofar as such findings may be inconsistent herewith, are reversed and new findings are made as indicated herein. In our opinion the legal services rendered by the contestants' attorneys benefited only the contestants, and not the estate; and, hence, the attorneys must seek compensation from their clients personally (*Matter of Foreman*, 238 App. Div. 388; *Matter of Wadsworth*, 250 App. Div. 11, affd. 275 N. Y. 590; *Matter of Luckenbach*, 280 App. Div. 994, affd. 307 N. Y. 795; *Matter of Rudden*, 21 Misc 2d 688). Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.