Seymour SUSSMAN et al., etc., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 60 C 995.

United States District Court
E. D. New York.

June 18, 1962.

Bernard Weiss, New York City, for plaintiffs.

Herman Wilson, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Edward S. Smith and Jerome Fink, Attys., Dept. of Justice, Joseph P. Hoey, U. S. Atty., Stanley F. Meltzer, Asst. U. S. Atty., of counsel), for defendant.

DOOLING, District Judge.

■ Cross-motions for summary judgment in this estate tax case, in which all the facts have been stipulated, present the questions whether

(1) $30,850 paid by the executors to Counsel for successfully contesting the will's validity should have been allowed as deductible administration expenses; and

(2) $13,822.34 of interest accrued after date of death on income taxes due and unpaid on the date of death is deductible as indebtedness or administration expense in computing taxable estate where the tax deficiencies were not determined until about four years after date of death.

The facts are found as stipulated.

(1) The decedent left a will by which he undertook to cut off his daughter by his divorced wife and the divorced wife with a dollar apiece. The daughter contested the will; she engaged counsel and later displaced him with new counsel. After about three years, the contest was compromised: the daughter got half the residuary estate, the rest of it going to the original residuary legatees in such proportions as they might agree upon.

The compromise provided, too, that the fees of counsel for the executors (and temporary administrators) and the fees of the contestant daughter's counsel were "to be chargeable to the estate, and the executors agree to make partial payment thereof during the calendar year, if possible [i. e., in 1957], and all fees are to be fixed by the Court, except as otherwise agreed upon between the parties".

Before the compromise was reached, the contestant daughter had moved to substitute new counsel for the counsel first retained and that motion, evidently made on notice to the temporary administrators, was granted—as of course—but with the provisions (a) that the retiring lawyer's compensation would be determined after the contest ended and (b) that "the lien of the retiring attorney for his fees is to attach to all the assets of the estate". After the compromise was reached, the Surrogate did fix the retiring lawyer's fee, by an order that recited that the settlement agreement had provided "that the fee of the former attorney for the contestant is to be fixed by the Court and is to be payable out of the estate"; the order fixed the fee at "$15,000.00, which sum is hereby allowed him together with disbursements incurred * * * both of which amounts are directed to be paid by the legal representatives of this estate when appointed, out of the estate assets pursuant to settlement agreement dated October 30, 1957 * * *"

The contestant daughter appealed and the order fixing the fee was affirmed "with costs to respondent, payable out of the estate." On remand, the direction was carried into effect.

Defendant, in substance, contends that under New York law a contestant's legal fees are not properly payable out of estate funds and that here the payment of the contestant's lawyers out of estate funds under the Surrogate's decrees resulted from the compromise and not from law or from the Surrogate's order operative as such. Plaintiffs contend that the contestant's fees are allowable because

they were paid out of the estate under valid order of the Surrogate and thus constitute deductible administration expenses.

The difficulty is that New York generally has not allowed contestant's legal fees to be paid from estate funds when that form of payment has been objected to. Matter of Foreman's Will, 1st Dept. 1933, 238 App.Div. 388, 264 N.Y.S. 753 goes to the verge of denying that any power at all exists in the Surrogate to order a contestant's lawyer paid out of estate funds; plainly most unsympathetic to any such payments, the Court yet intimated that the payment could be ordered if the services of the lawyer to his client also benefited the general estate —and the Court hastened to add that averting costly litigation by consenting to settle is not such a benefit. Perhaps Matter of Russell, Shevlin & Russell, 2nd Dept. 1939, 257 App.Div. 827, 11 N.Y. S.2d 908 (which seems to stand alone) illustrates the exception visualized as possible in Matter of Foreman's Will— that is, a case in which the successful will contest benefited a whole newly created class of distributees and not just the contestant, so that the other members of the class would have been unjustly enriched unless they bore part of the cost of the contest; the court saw in the distributees the relevant "estate" that was benefited rather than treated the "estate" as the impersonalized property. A mechanical view of the whole matter has at times been taken (Matter of Geller's Estate, Kings Co. 1938, 167 Misc. 578, 4 N.Y.S.2d 467; Matter of Cannariato's Estate, Kings Co. 1936, 159 Misc. 409, 287 N.Y.S. 1010) which Matter of Russell, Shevlin & Russell, supra, may be thought to have meant specifically to reject. Certainly Matter of Chaves' Estate, New York County 1932, 143 Misc. 872, 257 N.Y.S. 645 and Matter of Vorndran's Estate, Bronx Co. 1928, 132 Misc.

611, 230 N.Y.S. 326, although denying an allowance to the contestant in each case, reject the idea of a mechanical negation of all right to compensation in every sort of circumstance. Cf. Matter of Rudden's Estate, Nassau Co. 1960, 21 Misc.2d 688, 689, 196 N.Y.S.2d 722; Matter of O'Brien's Estate, Monroe Co. 1933, 146 Misc. 555, 563–564, 263 N.Y.S. 877, 886– 887. Compare Matter of Bacharach's Will, 2d Dept. 1961, 12 A.D.2d 938, 211 N.Y.S.2d 230. If the test is benefit to the estate,[1] at best a loose if not illusory one, the test ought not to be incapable of embracing the idea that achieving a correct result is beneficial to the estate. Matter of Keck (Everman's Estate), 4th Dept. 1952, 279 App.Div. 843, 109 N.Y.S. 2d 669 suggests a good deal of flexibility in decision; the allowance there is hard to square with any notion that primary benefit to a particular party precludes compensating his counsel from estate funds; the idea voiced in the case that sustaining of the will is an exception— because it prevents frustration of the intention of the "testator"—must be equivocal; the question in a contested will case is determination of the intention of the *decedent* and hence whoever prevails should be able to charge his fee to the estate. Matter of Bacharach's Will, supra, has the unique quality of suggesting that the particular Surrogate there and here involved very plainly did not hew to the line of Matter of Foreman's Will and seems, indeed, to have gone beyond Matter of Russell, Shevlin & Russell, supra, at least in deciding Matter of Bacharach's Will.

There is not that clarity in New York law that makes it possible to say that the Surrogate in the present case was without power to charge the present contestant's counsel fee to the estate. Nor is it possible to infer that he did it because and only because of the terms of the stipulation for compromise. The

1. Matter of Bogstrand's Estate, 149 Misc. 356, 267 N.Y.S. 396 (Surr. Co. Kings Co. 1933), involves an allowance based on bare *locus standi* to offer a will for probate; the motivation and personal advantage to the proponent were not regarded as precluding compensation and "benefit to the estate" as contrasted with advantage to the proponent was not discussed.

words of the instruments the Surrogate signed are perfectly plain and produced a very plain result that could not have escaped his observation. The first of the orders in particular, signed a year before the compromise, and charging the undetermined fee of the retiring lawyer for the contestant on all the assets of the estate, was not the result of the compromise and could not but be based on the Surrogate's satisfaction that the contestant's counsel were benefiting the estate enough to warrant the course taken. The later orders to be sure almost casually charge the fees to the estate, and since the contest was with respect to amount, not with respect to source of payment, it would be harder to say with certainty that the Surrogate was not simply giving effect to an agreement but for the existence of the original lien order and but for the fact that the Surrogate cannot be presumed to be ignorant of, or heedless of, the fact that such matters can affect or at least cloud the revenues of state and nation. The plain inference from the papers is that the Surrogate did what he did because he thought it was right to do so (compare Matter of Bacharach's Will, supra). References here to collusion, fraud and evasion are, obviously, precluded by the Stipulation of Facts, and, indeed, by the facts stipulated.

██ That does not settle the matter; possibly not every expense charged as an administration expense under local law is in every circumstance deductible in computing taxable estate. But certainly the nature of the cost here is familiar and in the circumstances inevitable. Wills that are so drafted or drafted in such circumstances that they are set aside without trial to the extent of half their dispositive effect must in the generality of instances provoke special classes of administration expense of which the legal cost of the contest to arrive at the right rule of distribution for the estate is one.

██ It is easy enough to distinguish verbally Dulles v. Johnson, 2d Cir. 1959, 273 F.2d 362, 369–370, 80 A.L.R.2d 1338; Commercial Nat. Bank of Charlotte v. United States, 4th Cir. 1952, 196 F.2d 182, 183–185, 30 A.L.R.2d 1103 and Schmalstig v. Conner, S.D.Ohio, W.D. 1942, 46 F.Supp. 531, 533. However, they are clear that in general what the administering court allows as administration expenses is deductible as such; nothing appears here to lift this case outside the generalization. Cf. Cadden v. Welch, 6th Cir., 1962, 298 F.2d 343. The regulations do not approach the precise point closely enough to be helpful, but they cannot be read as leading to any different result in spite of the too dogmatic tone of 26 C.F.R. § 20.2053–3(c) (3).

██ 2. The interest paid in respect of the period after the decedent's death on the tax debts that antedated his death but were not liquidated until long after is not deductible in computing taxable estate. Old Colony Trust Co. v. United States, D.Mass.1936, 15 F. Supp. 417, 421; Florence Scofield Stone, 1938, 38 B.T.A. 51, 58–59; Estate of Hornor, 1941, 44 B.T.A. 1136, 1141; [2] 26 C.F.R. § 20.2053–4. If William Schoenheit, 1928, 14 B.T.A. 33, 54 means what it seems to say, it is plainly inadvertent, as the later decisions of the Board show.

Settle order for judgment on notice.

2. Affirmed on another issue, 3rd Cir. 1942, 130 F.2d 649.