ESTATE OF PETER W. REILLY, DECEASED, LAWRENCE K. REILLY, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5117–78.     Filed February 19, 1981.

*John H. King,* for the petitioner.
*Daniel P. Ehrenreich,* for the respondent.

OPINION

TANNENWALD, *Judge*: Respondent determined a deficiency of $18,392.26 in petitioner's Federal estate taxes. Concessions having been made by both parties, the sole issue remaining is whether attorneys' fees are deductible under section 2053[1] when paid by an estate but incurred by the decedent's widow.

All of the facts in this case have been stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.

Petitioner is the Estate of Peter W. Reilly, deceased, by its executor, Lawrence K. Reilly. The decedent died testate on April 16, 1974. The estate tax return was timely filed with the Internal

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect at the time of decedent's death.

Revenue Service Center at Andover, Mass. Lawrence K. Reilly resided in Wellesley, Mass., at the time the petition was filed.

Marion D. Reilly (Mrs. Reilly) was the decedent's wife at the time of his death. She was also the life beneficiary of a testamentary trust created by the decedent's will which, except for $5,000 and decedent's tangible personal property, was given all of the decedent's property. The remainder interest in the testamentary trust was given to the decedent's four children, namely, Peter W. Reilly III, Lawrence K. Reilly, Grace R. Conway, and Ann L. Gervais.

After the decedent's death, litigation ensued between Mrs. Reilly, Lawrence K. Reilly, individually and as petitioner's executor, Peter W. Reilly III, individually and as a named trustee of the aforesaid testamentary trust, the Union National Bank, as a named trustee of said testamentary trust, and Grace R. Conway and Ann L. Gervais. That litigation involved:

(a) Ownership of certain marketable securities transferred by the decedent to himself and Mrs. Reilly in joint ownership in October 1971.

(b) Ownership of 8,000 shares of Courier Corp. common stock transferred by the decedent to Mrs. Reilly in July 1972.

(c) The validity of a gift made by decedent to Mrs. Reilly in July 1972 consisting of the proceeds of the sale of certain shares of Newco, Inc.

(d) Ownership of a Lowell Five-Cent Savings Bank savings account established in the joint ownership of the decedent and Mrs. Reilly in December 1972.

(e) Ownership of real property located in York County, Maine (the Drake Island property), transferred by decedent to himself and Mrs. Reilly in joint ownership in January 1973.

(f) The status of certain inter vivos trusts established by the decedent in May 1973 and the ownership of certain property held thereunder.

(g) Decedent's mental state at the times of the transfers listed above, and whether the decedent was subjected to undue influence at the time of the transfers.

(h) The propriety of Lawrence K. Reilly's being executor of the decedent's estate and of Peter W. Reilly III's being a trustee of the testamentary trust.

(i) The failure of the trustees of the testamentary trust to make distributions to Mrs. Reilly pursuant to its provisions.

(j) Payment of attorneys' fees.

(k) Certain tax liabilities of the decedent.

The litigation took the form of (1) an action by Mrs. Reilly against the previously named persons in the Superior Court of Middlesex County, Mass., for a declaratory judgment that she was entitled to sole title and ownership of the marketable securities (see item (a) above) and the Drake Island property (see item (e) above), and to remove Peter W. Reilly III as cotrustee of the testamentary trust and (2) an action by Lawrence K. Reilly, as executor of decedent's estate, against Mrs. Reilly in the Probate Court of Middlesex County, Mass., asking for a restraining order, an accounting for property which she held or controlled and which belonged to the estate, and a declaration that various transactions between her and the decedent be declared null and void. The litigation was settled prior to any trial, and a formal compromise agreement was executed by all the parties and filed in, and approved by, the Middlesex County Probate Court. The action in the Middlesex County Superior Court was dismissed.

The approved compromise agreement provided that Mrs. Reilly would retain some of the disputed property and that she would transfer the rest to a newly created trust (the Peter Reilly II Trust), which would also receive the corpus of the decedent's testamentary trust.[2] The Peter Reilly II trustees were directed to pay attorneys' fees as follows: $40,000 to Mrs. Reilly's counsel and $40,000 to counsel for the estate and the other "defendants/cross-complainants."

Respondent has conceded that the attorneys' fees attributable to counsel for petitioner, et al., are properly deductible. We infer from this concession and the arguments on brief that respondent accepts that the payments for attorneys' fees made by the Peter Reilly II Trust may be treated, for the purposes of this case, as if

---

[2]It is difficult to determine the dollar values of the trade-off. However, leaving aside certain personal property, it appears from the filed estate tax return and the concession by petitioner that Mrs. Reilly retained approximately $150,000 in disputed assets (the shares of Courier Corp., the Lowell Savings Bank account, and a disputed $50,000 lifetime gift from the decedent) plus a Central Savings Bank account of undeterminable value, while the estate recovered, in the form of transfers by Mrs. Reilly to the Peter Reilly II Trust, approximately $240,000 ($133,000 in marketable securities and the Drake Island property worth $107,000).

made by petitioner—at least, respondent does not argue otherwise.[3] The only issue is whether petitioner may deduct those fees.

We start from the premise that, in order to be entitled to deduct administration expenses, an estate must satisfy a two-pronged requirement: (1) That the expenses in question are allowable under the applicable local law (see note 6 *infra*); (2) that, even if so allowable, the expenses meet the conditions of deductibility set forth in respondent's regulations. *Estate of Posen v. Commissioner*, 75 T.C. 355 (1980).[4]

With respect to the first requirement, we are satisfied that the attorneys' fees in question were both allowable and actually allowed under Massachusetts law. See Mass. Ann. Laws. ch. 204, secs. 13–18 (Michie/Law. Co-op 1969) (specifically dealing with compromises) and ch. 215, sec. 39B (specifically authorizing the Probate Court to award counsel fees (and direct their payment out of the estate) incurred by any party "in a contested proceeding in equity"). Indeed, respondent does not seriously contend otherwise, although he suggests on brief that the provisions regarding the payment of fees were "buried" in the provisions of the Peter Reilly II Trust instrument and there is "no showing that the payment was specifically brought to the attention of, and approved by, the probate court." We think that respondent's suggestion is not well taken. The trust instrument was attached to the compromise agreement and the Probate Court found that that agreement was "just and reasonable," as it was required by statute to do (see Mass. Ann. Laws. ch. 204, sec. 14 (Michie/Law. Co-op 1969)), authorized the executor "to adjust the controversy in accordance with the terms of said Compromise Agreement" and "ratified and approved" said agreement pursuant to the above-mentioned chapter 204, section 14. We think there is more than sufficient evidence to justify the conclusion that the expenses in question were allowable under the laws of Massachusetts.[5]

It is as to whether the attorneys' fees paid to Mrs. Reilly's

---

[3]Compare *Estate of Streeter v. Commissioner*, 491 F.2d 375 (3d Cir. 1974), affg. a Memorandum Opinion of this Court.

[4]Petitioner raises no question of the validity of the second prong as the taxpayer did in *Estate of Posen v. Commissioner*, 75 T.C. 355 (1980).

[5]In reaching this conclusion, we are mindful of the fact that we are not precluded from reexamining a lower State court's allowance of administration expenses. *Estate of Posen v.*

counsel satisfy the requirements of respondent's regulations that the parties are at loggerheads. Petitioner argues that such fees constitute administration expenses within the meaning of section 2053(a)(2)[6] and section 20.2053–3(c)(3), Estate Tax Regs.[7] Respondent argues that these fees were for services unnecessary to the settlement of the estate,[8] were primarily for the personal benefit of Mrs. Reilly, and, accordingly, are not deductible.

The critical question, as we see it, is whether the fees of Mrs. Reilly's counsel were "essential to the proper settlement of the estate" (a phrase which appears in both sec. 20.2053–3(c)(3) and sec. 20.2053–3(a), Estate Tax Regs.), taking into account that "The fact that some benefit results to the beneficiaries from an expenditure is not a reason to disallow the expense as a deduction." See *Porter, Transferee v. Commissioner*, 49 T.C. 207, 225 (1967).

In essence, the litigation which gave rise to the disputed attorneys' fees involved the question whether the decedent's

---

*Commissioner, supra* at 359; *Estate of Smith v. Commissioner*, 510 F.2d 479, 482–483 (2d Cir. 1975), affg. 57 T.C. 650 (1972).

[6]Sec. 2053(a) reads:

(a) GENERAL RULE.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

    (1) for funeral expenses,

    (2) for administration expenses,

    (3) for claims against the estate, and

    (4) * * *

as are allowable by the laws of the jurisdiction, whether within or without the United States, under which the estate is being administered.

[7]Sec. 20.2053–3(c)(3), Estate Tax Regs., reads:

"Attorneys' fees incurred by beneficiaries incident to litigation as to their respective interests are not deductible if the litigation is not essential to the proper settlement of the estate within the meaning of paragraph (a) of this section. An attorney's fee not meeting this test is not deductible as an administration expense under section 2053 and this section, even if it is approved by a probate court as an expense payable or reimbursable by the estate."

The foregoing regulation was adopted in 1979 (T.D. 7612, 1979–1 C.B. 307, effective Apr. 20, 1979) as a clarifying amendment to the previous regulation, which appears to have imposed more stringent rules in respect of the deduction of attorneys' fees. We perceive no barrier to applying the new regulation herein, and respondent has not suggested otherwise. Cf. *Anderson, Clayton & Co. v. United States*, 562 F.2d 972, 980–984 (5th Cir. 1977).

[8]Sec. 20.2053–3(a), Estate Tax Regs., provides in pertinent part:

"The expenses contemplated in the law are such only as attend the settlement of an estate and the transfer of the property of the estate to individual beneficiaries or to a trustee, whether the trustee is the executor or some other person. Expenditures not essential to the proper settlement of the estate, but incurred for the individual benefit of the heirs, legatees, or devisees, may not be taken as deductions."

estate or Mrs. Reilly owned certain assets. We attach no significance to the fact that the first step in such litigation was the suit to quiet title brought by Mrs. Reilly in the Massachusetts Superior Court. The fact is that a cross-suit, asking for essentially the same relief, was brought by the decedent's executor in his representative capacity in the Massachusetts Probate Court. Thus, we do not think it can fairly be said that the situation involved nothing more than a dispute between "beneficiaries" of a decedent in which the estate merely occupied the position of a stakeholder. Cf. *Estate of Dutcher v. Commissioner*, 34 T.C. 918, 925 (1960).[9]

We recognize that Mrs. Reilly obtained clear ownership of a substantial portion of the assets in dispute, but this, in and of itself, is not, in our opinion, sufficient ground for denying the deduction. See *Porter, Transferee v. Commissioner, supra.* Moreover, we note that success or failure of a litigant is not determinative of the right to reimbursement for counsel fees from an estate. *Dulles v. Johnson*, 273 F.2d 362, 369–370 (2d Cir. 1959). Similarly, we do not consider controlling the fact that the estate was represented by other attorneys, whose fees have been allowed as a deduction by respondent, although it is an element to be taken into account.[10]

While there appears to be no judicial authority squarely in point on the issue before us, we think that the cases relied upon by petitioner tend to support our conclusion that the payment in question is deductible. In *Pitner v. United States*, 388 F.2d 651 (5th Cir. 1967), the principal issue in the State court litigation was the effect to be given to an alleged oral agreement between brothers as to the disposition of property upon death. The Government sought to resist the deduction of attorneys' fees incurred by various claimants in connection with the State court

[9]Indeed, with respect to items (a) through (g) (see p. 370 *supra*), it would appear that Mrs. Reilly's position vis-a-vis the estate was not that of a "beneficiary" but rather that of the owner of assets which she claimed belonged to her and not to the decedent and therefore were not part of his estate. While it is true that Mrs. Reilly's claims represented by items (h) and (i) (see p. 370 *supra* ) could be said to be asserted in a "beneficiary" capacity, those items appear to be an incidental element of the compromise. In any event, respondent has not sought an apportionment of the disputed fees. Cf. *Diaz v. Commissioner*, 58 T.C. 560, 565 n. 2 (1972).

[10]We note that respondent's regulations specify that deductibility turns on whether the *litigation*, rather than the attorneys' fees in dispute, was essential to the settlement of the estate. Sec. 20.2053–3(c)(3), Estate Tax Regs.

litigation on the ground that such litigation brought no new assets into the estate. The Court of Appeals held that the fees were deductible as administration expenses necessary to the settlement of the estate, since they were incurred with respect to the interests of the beneficiaries in the estate in general and not simply to determine the beneficiaries' share in the estate as against other beneficiaries. Moreover, the Court of Appeals noted that the litigation "need not have concerned increasing the size of the estate." See 388 F.2d at 660. We think that an analogous situation existed herein, where the State court litigation involved the status of assets claimed to belong to the estate as a whole. Furthermore, we think it significant that the litigation herein did result, if not in an enlargement of the estate, at least in the sustaining of its claim of ownership to assets, albeit not to the full extent asserted. See note 2 *supra*. Moreover, in *Pitner v. United States, supra,* attorneys' fees in respect of an action to clear title based upon the contract underlying the will were allowed as a deduction, the Court of Appeals stating that "The plaintiff's right to the property held by the estate was established once and for all by a court of competent jurisdiction." 388 F.2d at 661.

In *Dulles. v. Johnson, supra,* a deduction was allowed for attorneys' fees incurred by a named legatee in litigation to establish its rights (as to which it was unsuccessful). Although the language used by the Second Circuit Court of Appeals referred to the fact that the State court litigation was instituted by the executors, we do not think that the court intended to limit the foundation of its holding to situations where that posture of litigation exists.[11] Moreover, the fact is that, in the instant case, the executor did bring an action in the Probate Court and it was *in that action* that the compromise agreement was filed and approved.

In *Sussman v. United States,* 236 F. Supp. 507 (E.D. N.Y. 1962), a deduction was allowed for attorneys' fees reimbursed by an estate to a successful contestant of a will (a daughter by a divorced wife who had been cut off) pursuant to the order of the New York Surrogate's Court. In reaching its conclusion, the

---

[11]The funds "were paid out of the funds of the estate pursuant to a court order required as a direct and unavoidable result of the proceedings instigated by plaintiffs to construe the will they were to administer." *Dulles v. Johnson,* 273 F.2d 362, 369–370 (2d Cir. 1959).

District Court stated, in reference to the flat prohibition then contained in section 20.2053–3(c)(3), Estate Tax Regs. (see note 7 *supra*), "The regulations do not approach the precise point closely enough to be helpful, but they cannot be read as leading to any different result in spite of the *too dogmatic tone*." 236 F. Supp. at 510. (Emphasis added.) We think the same philosophy applies herein.

Finally, we would add to the foregoing cases, relied upon by petitioner, our decision in *Porter, Transferee v. Commissioner, supra*, in which we held deductible as administration expenses attorneys' fees incurred by two sons in establishing their deceased mother's rights in community property held by her former husband (their father).[12]

The cases relied upon by respondent are all distinguishable. In *Estate of Heckscher v. Commissioner*, 63 T.C. 485 (1975), we denied a deduction for attorneys' fees incurred by a beneficiary whose rights were not in dispute and whose participation in a trustee's suit for instructions was unexplained. See 63 T.C. at 500–501. In *Estate of Landers v. Commissioner*, 38 T.C. 828, 840–841 (1962), the disallowed deduction involved fees to procure a widow's allowance, which were clearly incurred primarily, if not solely, for her benefit. In *Estate of Dutcher v. Commissioner*, 34 T.C. 918 (1960), litigation in the Florida courts involving ownership of assets was settled during the pleading stage. We noted that neither the special administrator nor the executor was made a party to the litigation and that the mere fact that he "joined" in the settlement agreement was insufficient to render the litigation "an estate action to capture assets for the estate." 34 T.C. at 924–925. We held attorneys' fees incurred by the estate not deductible as administration expenses on the ground that it appeared from the pleadings that the litigation in question "was incident to rival claims by individual parties as to interests in property *without mention of possible claims of the estate*." 34 T.C. at 925. (Emphasis added.) In *Abbett v. Commissioner*, 17 T.C. 1293, 1303 (1952), the respondent had disallowed some $81,000 of attorneys' fees and guardian's fees incurred in

---

[12]We note that petitioner relies upon Rev. Rul. 74–509, 1974–2 C.B. 302. In light of our previous analysis, we find it unnecessary to discuss the applicability of that ruling, or its ramifications, other than to note that it would not, in any event, be binding upon us. See *Theo. H. Davies & Co., Ltd. v. Commissioner*, 75 T.C. 443, 449–450 (1980).

an accounting of a trust (which was includable in the gross estate). We held that 50 percent of the amount disallowed was deductible because allocable to the "usual issues involved in" an ordinary "trust accounting" but that the other half was not allowable because it involved issues of undue influence raised by way of objections to the accounting and was "outside the usual scope of an accounting proceeding." 17 T.C. at 1303. We are unable to discern how respondent draws sustenance from *Abbett.*

Thus far we have focused our attention on the payment in question as a payment of attorneys' fees *as such* and as controlled by section 20.2053–3(c)(3) of respondent's regulations. This is the frame of reference of the arguments of the parties. We point out, however, that the payment in question herein was in fact made by the estate in order to obtain clear ownership of certain of the assets in dispute, with the attorneys' fees simply utilized as a measuring rod for the amount of the payment. The situation is analogous to the constructive dividend cases in the income tax arena where the issue is whether a payment of an expense is deductible by a corporation or is merely a dividend to a shareholder, with the amount of the payment being the measure of the dividend. In the foregoing context, the payment in question herein can be viewed as a cost of administration rather than attorneys' fees as such and governed by section 20.2053–3(a), Estate Tax Regs., without regard to the particular provisions dealing with attorneys' fees contained in section 20.2053–3(c)(3), Estate Tax Regs.

We also think that, in the "measuring rod" context, the instant case can be viewed as involving a "claim" by Mrs. Reilly against the estate, falling within the ambit of section 2053(a)(3), which was settled by the payment of an amount determined by reference to her attorneys' fees. We recognize that the applicability of section 2053(a)(3) was not raised by either party, but, since all the facts necessary to determine what is an issue of law are before us,[13] we perceive no reason why we should not proceed to do so. Cf. *Commissioner v. Multnomah Operating Co.*, 248 F.2d 661, 663 (9th Cir. 1957), affg. a Memorandum Opinion of this Court.

The major thrust of the litigation between Mrs. Reilly and

---

[13]Respondent has raised no question as to the amount of the payment.

petitioner, et al., concerned the title to property allegedly transferred in whole or in part by the decedent to her while he was alive. The subject of the litigation accordingly had nothing to do with any transfer of property occasioned by the decedent's death, and, in fact, could have been litigated while the decedent remained alive. Thus, it is clear that the litigation concerned itself principally with Mrs. Reilly's claims *against* the estate arising from transactions with the decedent, rather than her claims for a *share* in the estate. See *Estate of Lazar v. Commissioner*, 58 T.C. 543, 552–553 (1972). Consequently, what was involved can be said to represent "personal obligations of the decedent existing at the time of his death" (sec. 20.2053–4, Estate Tax Regs.), and so brings into play the deductibility of claims against an estate pursuant to section 2053(a)(3).[14]

Section 2053(a)(3) has been interpreted to include the cost of settling a claim before trial, so long as the claim is arguably meritorious and the settlement is reasonable.[15] But all such costs are not necessarily deductible. Section 2053(c)(1)(A) provides that, as to claims against an estate which are "founded on a promise or agreement," the deduction by the estate is limited to "the extent that [such claims] were contracted bona fide and for an adequate and full consideration in money or money's worth." The stipulated facts give no indication whether the transfers to Mrs. Reilly upon which she based her claims were supported by consideration, so if this test were applicable herein, petitioner would have failed to carry its burden of proof under Rule 142, Tax Court Rules of Practice and Procedure.

However, in the instant case, actual transfers of property by the decedent during his lifetime were involved, and the amount paid by the estate was a cost incurred in disposing of the questions relating to the validity of those transfers. Where such questions have arisen, it has been held that a "promise or agreement" is not involved and that the "adequate and full consideration" of section 2053(c)(1)(A) does not come into play. *Rosenman v. United States*, 101 Ct. Cl. 437, 450, 53 F. Supp. 722,

---

[14]Since we treat the attorneys' fees as merely a measuring rod for the amount for which the claim was settled, we need not address the question whether decedent could have been held liable for such fees in the event that the litigation had taken place during his lifetime.

[15]*Estate of Nilson v. Commissioner*, T.C. Memo. 1972–141. Respondent has not argued that Mrs. Reilly's claim lacked merit, and there is nothing in the record to suggest that it did.

728 (1944); see *Young v. United States*, 559 F.2d 695, 703 (D.C. Cir. 1977).[16] It appears to us that the rationale of such a position is that the "adequate and full consideration" requirement of section 2053(c)(1)(A) speaks to concerns not present when the conveyance is completed during the decedent's lifetime.

The unmistakable purpose of section 2053(c)(1)(A) is to ensure that an estate cannot be depleted without payment of a transfer tax (after taking into account statutory exemptions and exclusions). *Estate of Morse v. Commissioner*, 69 T.C. 408, 417 (1977), affd. 625 F.2d 133 (6th Cir. 1980); *Estate of Frothingham v. Commissioner*, 60 T.C. 211, 215–216 (1973). So long as an inter vivos gift is sufficiently completed before the donor's death to trigger the relevant provisions of the gift tax (see sec. 2501 et seq.), the integrity of the estate tax is protected even though the transfer lacked consideration and the property is excluded from the donor's gross estate. *Woody v. Commissioner*, 36 T.C. 900, 904 (1961). On the record before us, we think it is clear that the transfers in dispute meet this standard. See sec. 25.2511–2, Gift Tax Regs.; cf. *Estate of Sanford v. Commissioner*, 308 U.S. 39, 47–48 (1939).

In sum, petitioner should prevail on any of three grounds: (1) The payment of Mrs. Reilly's counsel fees falls within the ambit of section 20.2053–3(c)(3), Estate Tax Regs., as being "essential to the proper settlement of the estate"; (2) such payment was part of the cost of action taken by decedent's executor to discharge his responsibility for "the collection of assets * * * and distribution of the property of the estate" (sec. 20.2053(a), Estate Tax Regs.; compare *Estate of Wright v. Commissioner*, 8 T.C. 531, 536 (1947)); (3) the payment represented the settlement of a "claim" against the estate by Mrs. Reilly within the meaning of section 2053(a)(3).

*Decision will be entered under Rule 155.*

---

[16]See also *Estate of Nemerov v. Commissioner*, T.C. Memo. 1956–164.