■ In the Matter of the Estate of CHRISTOPHER N. BIANCULLI, Also Known as CHRISTOPHER BIANCULLI, Deceased. MICHELE BIANCULLI, Appellant; RUSKIN, MOSCOU, EVANS & FALTISCHEK, P. C., et al., Respondents. [732 NYS2d 436] —In a proceeding pursuant to SCPA 2110 to fix and determine an attorney's fee, the appeal is from so much of a decree Surrogate's Court, Suffolk County (Weber, S.), dated May 25, 2000, as, upon granting the petitioner's application for an attorney's fee, directed that it be paid out of the general estate.

Ordered that the decree is affirmed insofar as appealed from, with one bill of costs payable by the estate to the respondents appearing separately and filing separate briefs.

SCPA 2110 (1) provides, in pertinent part, that "the court is authorized to fix and determine the compensation of an attorney for services rendered to a fiduciary or to a devisee, legatee, distributee, or any person interested." SCPA 2110 (2) further provides that "[t]he court may direct payment * * * from the estate generally or from the funds in the hands of the fiduciary belonging to any legatee, devisee, distributee, or person

interested." Generally, an attorney's fee must be charged to the interest in the estate of the person represented, rather than to the general estate (*see, Matter of Bacharach,* 12 AD2d 938). In this case, however, the Surrogate's Court correctly determined that the fee of Ruskin, Moscou, Evans, & Faltischek, P. C. (hereinafter Ruskin) would be charged to the general estate.

The 1998 stipulation did not expressly indicate whether the defendant's nonmarital children were to receive a sum certain including or excluding the payment of their attorney's fee. However, when examining the stipulation of settlement, it should be construed "in accordance with contract principles and the parties' intent" (*Serna v Pergament Distribs.,* 182 AD2d 985, 986) in a manner that will best carry out the overarching intention of the parties (*see, Kass v Kass,* 91 NY2d 554). In the instant case, the parties clearly intended for Ruskin's fee to be charged to the general estate. The stipulation provided that the $1,300,000 awarded to the nonmarital children was a "total distribution" which should "constitute full satisfaction of any and all claims." The stipulation expressly stated that it was intended to represent "a compromise that provide[d] for * * * the disposition of all the assets of the estate and the resolution of all disputes in connection therewith." Finally, the settlement stated that it was "intended to resolve all of the issues presented in the context of this contested probate proceeding with respect to the construction of the will in light of the separation agreement and divorce decree and to settle any and all disputes concerning the entitlement of any party to a share of the decedent's estate." Charging Ruskin's fee to interest of the nonmarital children would render the expressly stated intentions of the stipulation meaningless. Accordingly, the Surrogate's Court correctly determined that the parties intended that Ruskin's fee be paid from the general estate.

The parties' remaining contentions are without merit. O'Brien, J. P., Luciano, Schmidt and Adams, JJ., concur.